UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGAL TZAFIR,<br><br>     Petitioner(s),<br><br> v.<br><br>PAMELA BONDI, et al.,<br><br>     Respondent(s). | CASE NO. C25-2070<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

  Petitioner Sigal Tzafir has filed a Petition for a Writ of Habeas Corpus in which she seeks release from confinement. Dkt. No 1. She also moves this Court for an Emergency Temporary Restraining Order ("TRO"), preventing her transfer to another detention facility while these proceedings are pending. Dkt. No. 4.

  On August 14, 2025, Ms. Tzafir was taken into custody by Immigration and Customs Enforcement ("ICE") and is detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 1 at 2. As detailed in the TRO motion, Ms. Tzafir now believes that she is about to be imminently transferred out of the jurisdiction, away from her counsel, her family, and her support system, rendering her unable to participate in her habeas proceedings in this Court. Dkt. No. 4 at 2, 5. Petitioner seeks an order to stop her impending transfer. *Id.* at 6.

  The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Petitioner's motion for a temporary restraining order (Dkt. No. 4) is GRANTED pending Defendants' response.

2. Defendants ARE PROHIBITED from removing Petitioner from this jurisdiction— i.e., the Western District of Washington—without further order from this Court.

3. Petitioner's counsel SHALL contact Defendants' counsel to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Defendants SHALL respond to the TRO on the schedule set by Local Civil Rule 65.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for a temporary restraining order.

Dated this 31st day of October, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING DEFENDANTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 2